IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SIOSAIA TAKAI,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER LIFTING STAY AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:16-cv-0469<br>*Related Case No*. 2:11-cr-0542<br><br>Judge Clark Waddoups |

**I.    LIFTING STAY**

On June 2, 2016, Petitioner Siosaia Takai filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 576 U.S. 591 (2015). Mr. Takai pled guilty "to two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and one count of unlawfully using a firearm during and [in] relation to a 'crime of violence' in violation of 18 U.S.C. § 924(c)." Mot. to Correct Sentence, at 1 (ECF No. 1). Mr. Takai was sentenced to 240 months imprisonment for these crimes. Judgment, at 2 (ECF No. 119 in Case No. 2:11-cr-542).

Mr. Takai initially asserted his "§ 924(c) conviction should be vacated because Hobbs Act robbery cannot be classified as a crime of violence under [*Johnson*]." Mot. to Correct Sentence, at 2 (ECF No. 1 in Case No. 2:16-cv-469). Although *Johnson* pertained to the residual clause in the Armed Career Criminal Act, Mr. Takai asserted "§ 924(c)(3)(B) is materially

indistinguishable." *Id.* As such, Mr. Takai asserted he "is innocent of the § 925(c) [sic] offense, and his conviction is void." *Id.*

"Pursuant to Standing Order 16-002, Mr. Takai ask[ed] the court to stay [his § 2255] motion until such time as he submits a supplemental brief in support of [the] motion." *Id.* at 3. The case was stayed to allow time for further guidance from appellate courts concerning how *Johnson* would be applied to other statutes and situations. *See* Standing Order 16-002, at 1–2.

Thereafter, the United States Supreme Court ruled that § 18 U.S.C. § 924(c)(3)(B) also is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Mr. Takai filed an amended § 2255 petition on the ground that his conviction could not stand in light of *Davis*. Amended Mot. to Vacate, at 2 (ECF No. 3). He nevertheless asked that the stay be continued until the Tenth Circuit resolved related issues in *United States v. Toki*, 17-4153. *Id.* at 3. Mr. Takai renewed his request on December 9, 2020 due to ongoing issues in the *Toki* case. Notice, at 1 (ECF No. 5). The government opposed a continued stay. Opp'n to Notice, at 1 (ECF No. 6).

Subsequently, the Supreme Court granted certiorari, vacated the Tenth Circuit's *Toki* ruling, 822 F. App'x 848 (10th Cir. 2020), and remanded the case "for further consideration in light of *Borden v. United States*, 593 U.S. ----, 141 S. Ct. 1817, 210 L. Ed. 2d 63 (2021)."[1] *Maumau v. United States*, 142 S. Ct. 57 (2021). Upon remand, the Tenth Circuit ordered that Toki's § 924(c) conviction "based on predicate [Violent Crimes in Aid of Racketeering] offenses" be vacated. *United States v. Toki*, Case No. 17-4153, 2022 WL 274411, at *3 (10th Cir. Jan. 31,

---

[1] The Supreme Court held in *Borden* that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under [the Armed Career Criminal Act]." *Borden*, 141 S. Ct. at 1834.

2022). Significantly, however, the Tenth Circuit left the Hobbs Act convictions undisturbed. *Id.* (noting petitioners did "not argue that *Borden* undermined the validity of . . . § 924(c) convictions predicated on Hobbs Act robbery").

Based on caselaw development over the last seven years since *Johnson*, the court concludes a stay in this case is no longer warranted. Accordingly, the court ORDERS that the stay is lifted in this case.

## II.    ORDER TO SHOW CAUSE

Section 924(c) has two clauses: the elements or force clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Prior to *Davis*, the Tenth Circuit had already ruled that the residual clause was unconstitutional. *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). The fact that § 924(c)(3)(B) is unconstitutional, however, does not address the matter before this court.

Mr. Takai pled guilty to a Hobbs Act robbery and that he "knowingly used and carried and brandished and discharged a firearm during and in relation to that robbery." Statement in Advance, at 2 (ECF No. 112 in Case No. 2:11-cr-542). In *United States v. Melgar-Cabrera*, the Tenth Circuit ruled that a Hobbs Act robbery "categorically constitute[s] a crime of violence under what is sometimes called the statute's elements or force clause, § 924(c)(3)(A)." 892 F.3d 1053, 1060–66 (10th Cir. 2018). Later that same year, the Tenth Circuit reaffirmed the holding in *Melgar-Cabrera* that a Hobbs Act robbery is a crime of violence. *United States v. Jefferson*, 911 F.3d 1290, 1296–99 (10th Cir. 2018).

The same holding also may be found in *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (denying Certificate of Appealability because a "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause

3

requires the use of violent force"); *United States v. Rojas*, 748 F. App'x 777, 779 (10th Cir. 2018) (applying *Melgar-Cabrera* and *Dubarry* and concluding "that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)"); and *United States v. Myers*, 786 F. App'x 161, 162 (10th Cir. 2019) (rejecting that *Davis* constituted an "intervening Supreme Court authority" that required reevaluation of *Melgar-Cabrera*, but stating even if reconsideration were required, the Court "would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c))"). Moreover, the most recent Tenth Circuit decision in *Toki* leaves *Melgar-Cabrera* undisturbed even in light of *Davis* and *Borden*. See *Toki*, 2022 WL 274411, at *3.

Because the weight of this authority shows that Hobbs Act robbery constitutes a crime of violence under § 924(c), pursuant to 28 U.S.C. § 2255(b), the court orders Mr. Takai to show cause why this case should not be dismissed on the ground that Mr. Takai "is entitled to no relief." Mr. Takai shall respond to this Order to Show Cause on or before **March 4, 2022**.

SO ORDERED this 7th day of February, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge