IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SIOSAIA TAKAI,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | MEMORANDUM DECISION<br>AND ORDER DENYING<br>§ 2255 MOTION TO RECONSIDER<br><br>Case No. 2:16-cv-469<br>(Related Case No. 2:11-cr-542)<br><br>Judge Clark Waddoups |

  In 2016, "Petitioner Siosaia Takai filed a § 2255 motion to challenge his § 924(c) conviction based on the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015)." Supp. Brief, at 1 (ECF No. 11). The case was stayed to allow sufficient time for development of the law following the *Johnson* decision. On March 23, 2022, the court ordered that "this case should proceed to resolution" on issues pertaining to Hobbs Act robberies. Dkt. Text Order (ECF No. 10). Thereafter, Mr. Takai filed supplemental briefing in support of his motion. On December 19, 2022, the court denied Mr. Takai's motion based on *United States v. Baker*, 49 F.4th 1348, 1356–59 (10th Cir. 2022), and further "denie[d] a certificate of appealability because *Baker* left no room for reasonable debate" on the Hobbs Act issues raised by Mr. Takai. Mem. Dec., at 4–5 (ECF No. 17).

  On January 17, 2023, Mr. Takai filed a Motion to Alter or Amend Judgment on the ground that "there is one aspect of Mr. Takai's case that *Baker* does not control." Mot. to Alter Jdmt., at 1 (ECF No. 18). Specifically, Mr. Takai contends the elements of Mr. Takai's plea of guilty were

predicated on attempted Hobbs Act robbery.  *Id.* at 1–2.  Thus, according to Mr. Takai, *United States v. Taylor*, 142 S. Ct. 2015 (2022), applies and not *Baker*.  *Id.*

I.   **PLEA AGREEMENT WAS FOR HOBBS ACT ROBBERY**

This is the first time Mr. Takai has asserted his plea was based on attempted Hobbs Act robbery.  Mr. Takai has raised a new argument improperly under his Motion to Reconsider.  Moreover, Mr. Takai pled guilty to Counts 1, 3, and 4 of the Indictment, which were based on completed robberies, not merely robberies that were attempted.  Statement in Advance, at 1, 4 (ECF No. 112).  Acknowledging the statutory elements in his plea agreement, which state "obtained or attempted to obtain the property of another," *id.* at 1, does not convert a completed robbery into an attempted robbery, particularly when the plea agreement is viewed in its entirety.  Thus, the court concludes Mr. Takai pled guilty to Hobbs Act robbery, not attempted robbery.

II.   **DIVISIBILITY OF HOBBS ACT STATUTE**

Mr. Takai further contends that "[b]ecause Hobbs Act robbery can be accomplished in different ways," and the statute according to Mr. Takai "is not divisible, then the modified categorical approach does not apply, and the offense cannot be used as a § 924(c) predicate."  Mot. to Alter Jdmt., at 3 (ECF No. 18).  Mr. Takai's argument already has been rejected by the Tenth Circuit Court of Appeals when it held, in an unpublished decision, that the Hobbs Act statute is divisible.  *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (citing *United States v. Washington*, 653 F.3d 1251, 1263 n.12 (10th Cir. 2011)).

The United States' brief in opposition addresses both of Mr. Takai's arguments more fully, and the court hereby adopts the reasoning stated in the United States' brief (ECF No. 19).

## III. DENIAL OF CERTIFICATE OF APPEALABILITY AND ADMONISHMENT

The court denies a certificate of appealability because existing law has left no room for reasonable debate.

Additionally, the court expresses concern that counsel for Mr. Takai has, on more than one occasion, failed to cite relevant law or facts to this court. While vigorous advocacy is important, so is counsel's duty of candor to the court. The court admonishes counsel to take greater care in the future to represent the law and facts fairly.

## **CONCLUSION**

Based on the reasons stated above and the reasoning in the United States' brief in opposition (ECF No. 19), the court denies Mr. Takai's Motion to Alter or Amend Judgment (ECF No. 18). The court further denies a certificate of appealability.

DATED this 28th day of September, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Court